IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 15-CV-00909-RPM

MARY BECHTOLD,

    Plaintiff,

v.

SANTANDER CONSUMER USA, INC.

An Illinois Corporation

    Defendant.

## ORDER ON MOTION TO COMPEL ARBITRATION

Plaintiff Mary Bechtold, a Colorado resident, was an at will employee of Defendant Santander Consumer USA, Inc. ("Santander"), an Illinois Corporation, from September 2010 through September 2014, when she was fired. Bechtold's Complaint alleges that during the course of her employment she was discriminated and retaliated against based on her gender and age in violation of Title VII of the 1964 Civil Rights Act ("Title VII") and the Age Discrimination in Employment Act ("ADEA"). Bechtold also alleges that Santander retaliated against her in violation of the Family Medical Leave Act ("FMLA").

At issue is whether Bechtold must arbitrate her claims.

As a condition of her employment, Bechtold signed an arbitration agreement agreeing that any dispute, claim, or controversy that may arise out of or in connection with her employment or the termination of her employment with Santander would be submitted to arbitration. Santander filed a Motion to Compel Arbitration on Bechtold's claims pursuant to

1

Section 4 of the Federal Arbitration Act and to stay this action until arbitration is concluded. (DOC. 6.)

The provisions of the Federal Arbitration Act manifest "a liberal federal policy favoring arbitration," *Gilmer v. Interstate/Johnson Lane Corp*. 500 U.S. 20, 25 (1991) (internal quotation marks and citation omitted). The presumption in favor of arbitration does not control, however, where the terms of an arbitration agreement "prevent an individual from effectively vindicating his or her statutory rights." *Shankle v. B-G Maint. Mgmt. of Colorado, Inc.*, 163 F.3d 1230, 1234 (10th Cir. 1999).

Bechtold contends that the agreement is unenforceable because two of its terms prevent her from effectively vindicating her statutory rights. Specifically, Bechtold asserts that 1) the agreement contravenes Title VII, the ADEA, and the FMLA by requiring her to pay Santander's attorney and arbitration fees, if Santander substantially prevails; and 2) the agreement contravenes public policy interests by requiring Bechtold to arbitrate in Dallas, Texas, an inconvenient location. Bechtold argues that because the agreement does not contain a severability or savings clause, the fee-shifting and venue provisions render the entire agreement unenforceable.

The agreement provides that "[t]he party that substantially prevails in the arbitration shall be entitled to recover from the other party all arbitration fees and reasonable attorney's fees incurred by the party, *as provided for by law*." (Ex. A, DOC. 6-1.)(emphasis added) By that language, Santander can only recover fees in the arbitration if the applicable law permits fee-shifting. Bechtold's risk of paying Santander's attorney fees is the same under the agreement as it would be under Title VII, the ADEA, and the FMLA, which shift fees to the

defendant only if the plaintiff's claims are determined to be frivolous or groundless.  There is no additional basis for Santander to recover fees in arbitration.

The agreement does not contain a clearly articulated venue provision.  It does provide that the arbitration shall be "conducted through the American Arbitration Association in Dallas, Texas, pursuant to the American Arbitration Association's Employment Dispute Rules relating to Arbitration."  (Ex. A, p.1, DOC 11-1.)  Santander agrees to conduct the arbitration in Denver, Colorado.

Upon the foregoing, it is

ORDERED that Santander's Motion to Compel Arbitration, DOC. 6, is GRANTED.  It is

FURTHER ORDERED that the arbitration of this controversy will be conducted in Denver, Colorado.

It is

FURTHER ORDERED that further proceedings in this civil action are stayed pending completion of the arbitration proceedings.  Counsel shall advise this Court when that occurs.

DATED:       July 30, 2015

                                                            BY THE COURT:

                                                            s/Richard P. Matsch
                                                            _____
                                                            Richard P. Matsch
                                                            Senior District Judge